| | |
|---|---|
| 1 | Paul J. O'Rourke, # 143951            (SPACE BELOW FOR FILING STAMP ONLY) |

Paul J. O'Rourke, # 143951
paul.orourke@mccormickbarstow.com
Brandon M. Fish, # 203880
brandon.fish@mccormickbarstow.com
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Plaintiff
ALLSTATE INDEMNITY COMPANY, an Illinois corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN J. JACKSON, JR., an individual, FLORENCE FITZGERALD, an individual,<br><br>Defendants. | Case No.  C 08 0269 JL<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**<br><br>**[28 U.S.C. 2201(a)]** |

COMES NOW, Plaintiff, ALLSTATE INDEMNITY COMPANY ("ALLSTATE"), an Illinois Corporation, and alleges as follows:

**JURISDICTION**

1.  Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as Plaintiff, on the one hand, and Defendants, on the other hand, are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs because, among other things, ALLSTATE's policy limits are greater than $75,000, and the claim made under the subject policy arises from a wrongful death lawsuit.

/ / /

/ / /

## VENUE

2. Venue is proper in the Northern District of California, pursuant to 28 U.S.C. § 1391(a) and (c), in that Defendants are subject to personal jurisdiction in this District at the time the action is commenced, the insurance policy at issue was entered into in this District, and a substantial part of the events giving rise to this dispute occurred in the District.

3. This civil action arises in the County of Contra Costa, as a substantial part of the events giving rise to this dispute occurred there. Therefore, this case is properly assigned to the San Francisco Division pursuant to Civil L.R. 3-2(c) and (d).

## PARTIES

4. ALLSTATE is a corporation organized and incorporated under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois. At all pertinent times, ALLSTATE has conducted business in the County of Contra Costa.

5. ALLSTATE is informed and believes, and therefore alleges, that Defendant, STEVEN J. JACKSON ("JACKSON"), is an individual who is a resident of the State of California, County of Contra Costa.

6. ALLSTATE is informed and believes, and therefore alleges, that Defendant, FLORENCE FITZGERALD ("FITZGERALD"), is an individual who is a resident of the State of California, County of Contra Costa and is a potential judgment creditor under Cal. Ins. Code § 11580.

## PRELIMINARY ALLEGATIONS

7. ALLSTATE issued Allstate Auto Policy No. 067741998 (the "Policy") to Stephen J. Jackson, Senior, JACKSON's father, which was in effect at all relevant times. The Policy contains Form AU104-3 as amended by Endorsement AU2250-6. The Policy lists a 2000 Chevrolet Silverado pickup truck (the "Silverado") as an insured auto. The Silverado was owned by JACKSON'S father. A true and correct copy of the applicable and relevant Policy forms are attached hereto as Exhibit "A" and incorporated herein by reference.

///

///

8. On or about May 31, 2006, JACKSON was allegedly operating the Silverado with his father's permission. At that time, and for many years prior thereto, JACKSON did not reside with his father. While operating the Silverado, Thomas Cooney ("Cooney"), a bicyclist, allegedly struck JACKSON in the face as JACKSON sat behind the wheel of the Silverado, cursed at JACKSON, and spit into the Silverado. Subsequently ALLSTATE is informed and believes JACKSON then pulled a distance ahead of Cooney, stopped the Silverado in the bicycle lane and then exited the vehicle and walked into the roadway where he waited for Cooney for a period of time. As Cooney then approached on his bicycle, JACKSON was standing in the street. Cooney and JACKSON collided in the street and Cooney fell from his bicycle, striking his head on the asphalt, which injury subsequently led to his death.

9. On August 10, 2007, Cooney's mother, FITZGERALD, filed a complaint against JACKSON entitled "*Fitzgerald v. Jackson,* Contra Costa County Superior Court Civil Action No. MSC07-01811" seeking damages based on JACKSON's alleged conduct (the "Underlying Action"). A subsequent First Amended Complaint ("FAC") was filed on or about October 22, 2007. A true and correct copy of the FAC filed in the Underlying Action is attached hereto as Exhibit "B" and incorporated herein by reference.

10. JACKSON tendered his defense and indemnity of the Underlying Action to ALLSTATE under the Policy. ALLSTATE accepted JACKON's tender of defense under the Policy pursuant to a reservation of rights.

11. The Policy provides, in relevant part,

**Bodily Injury – Coverage AA**

. . .

**Allstate** will pay those damages which an insured person is legally obligated to pay because of:

1. **bodily injury** sustained by any person; and

2. damage to, or destruction of property.

Under these coverages, **your** policy protects an insured person from liability for damage arising out of the ownership, maintenance or use, loading or unloading of an insured **auto**. Payments will be

3

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

made only for damages resulting from covered **bodily injury** and/or property damage.

. . .

**Insured Persons**

1. With respect to **your** insured **auto**:

   a) **you**;

   b) any **resident**; and

   c) any other person using it with **your** permission.

. . .

**Insured Autos**

1. Any **auto** described on the declarations page. This includes the four wheel private passenger **auto** or **utility auto you** replace it with.

. . .

**Definitions**

. . .

2. "**Auto**" means a land motor vehicle designed for use on public roads.

. . .

4. "**Resident**" means a person who physically resides in **your** household with the intention of continuing residence there. **Your** unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in **your** household.

. . .

6. "**You**" or "**your**" – means the policyholder named on the Policy Declarations and:

   a) that policyholder's **resident** spouse; or

   b) a party who has established with that policyholder a registered domestic partnership under California state law if a **resident** of the same household.

/ / /

/ / /

12. ALLSTATE contends the Policy does not provide coverage for the liability or potential liability of JACKSON in the Underlying Action because the allegations against JACKSON do not "aris[e] out of the ownership, maintenance or use, loading or unloading of an insured auto." ALLSTATE further contends indemnification of punitive damages sought against JACKSON in the Underlying Action is precluded by California law.

13. Based on the foregoing, ALLSTATE contends there is no duty to defend or indemnify JACKSON in the Underlying Action, nor is there any duty on the part of ALLSTATE to provide indemnity for any judgment FITZGERALD may obtain in the Underlying Action.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief As Against All Defendants)**

14. For its First Claim for Relief, ALLSTATE incorporates herein by reference paragraphs 1 through 13 above as though fully set forth herein.

15. An actual controversy has arisen and now exists between ALLSTATE, on the one hand, and all Defendants, on the other hand, concerning their respective rights and duties under the Policy. ALLSTATE contends the Policy does not provide coverage for the liability or potential liability of JACKSON for the damages alleged in the Underlying Action. ALLSTATE further contends it has no duty to indemnify JACKSON under the Policy for any judgment FITZGERALD may obtain against JACKSON in the Underlying Action. Whereas ALLSTATE is informed and believes, and thereon alleges, that all Defendants, and each of them, dispute these contentions and assert that the Policy provides coverage for the liability or potential liability of JACKSON for the damages and injuries alleged in the Underlying Action.

16. Accordingly, ALLSTATE desires a judicial determination of its rights and duties under the Policy as to whether it provides coverage for the liability or potential liability of JACKSON as set forth herein. A prompt and speedy declaration of the rights and duties of all parties is necessary and appropriate at this time in view of the controversy presented between ALLSTATE and Defendants.

///

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

## SECOND CLAIM FOR RELIEF

**(Unjust Enrichment/Reimbursement of Attorney's Fees and Costs Against JACKSON)**

17. For its Second Claim for Relief, ALLSTATE hereby incorporates by reference paragraphs 1 through 16 above, as though fully set forth herein.

18. In agreeing to defend JACKSON in the Underlying Action under a reservation of rights under the Policy, ALLSTATE reserved the right to seek reimbursement of all attorney's fees and costs expended in his defense under *Buss v. Superior Court,* 16 Cal.4th 35 (1977).

19. Accordingly, ALLSTATE seeks, upon an adjudication that there is no coverage for the liability or potential liability of JACKSON in the Underlying Action, an award against JACKSON, of all attorney's fees and costs expended by ALLSTATE in the defense of JACKSON in the Underlying Action.

WHEREFORE, Plaintiff, ALLSTATE INDEMNITY COMPANY, prays for judgment against Defendants, and each of them, as follows:

1. That the Court declare and adjudicate the rights and duties of the respective parties hereto concerning the controversy referred to above;

2. That pursuant to the First Claim for Relief, this declaration be that Auto Policy No. 067741998 issued by ALLSTATE INDEMNITY COMPANY to Steven J. Jackson, Sr. does not provide coverage for the liability or potential liability of JACKSON in the action entitled *Fitzgerald v. Jackson,* Contra Costa County Superior Court Civil Action No. MSC07-01811, and that Auto Policy No. 067741998 does not require ALLSTATE to defend or indemnify JACKSON in that action, or to pay for any judgment FITZGERALD may obtain against JACKSON in that action;

3. That pursuant to the Second Claim for Relief, the Court order that JACKSON reimburse ALLSTATE INDEMNITY COMPANY for all attorney's fees and costs expended by ALLSTATE INDEMNITY COMPANY in the defense of the action entitled *Fitzgerald v. Jackson,* Contra Costa County Superior Court Civil Action No. MSC07-01811;

///

///

4. For interest, including pre-judgment interest;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court deems just and proper.

Dated: January _____, 2008                    McCORMICK, BARSTOW, SHEPPARD
                                               WAYTE & CARRUTH LLP


                                               By:_____
                                                    Paul J. O'Rourke
                                                    Brandon M. Fish
                                                    Attorneys for Plaintiff
                                                    ALLSTATE INDEMNITY COMPANY,
                                                    an Illinois corporation

03238/01467-1162702.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

7

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT