**STEVEN R. JACOBSEN,** BAR NO. 95246
EMAIL: SRJ@THEACCIDENTALLAWYER.COM
**CATHERINE R. DOUAT,** BAR NO. 129134
EMAIL: CAT@THEACCIDENTALLAWYER.COM
**LAW OFFICES OF STEVEN R. JACOBSEN**
901 CLAY STREET
OAKLAND, CALIFORNIA 94607
PHONE: (510) 465-1500 FAX: (510) 465-1501

ATTORNEYS FOR DEFENDANT
**FLORENCE FITZGERALD**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN J. JACKSON, JR., an individual, FLORENCE FITZGERALD, an individual,<br><br>Defendants. | Case No.: C080269JL<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**<br><br>[28 U.S.C. 2201(a)] |

COMES NOW, Defendant, FLORENCE FITZGERALD ("Defendant"), and hereby answers, objects, and otherwise responds to Plaintiff, ALLSTATE INDENITY COMPANY's, an Illinois company, ("Allstate") COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT:

**JURISDICTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph Allstate's allegation concerning policy limits of the subject insurance policy and jurisdiction. Defendant admits that the claim under which under which the subject policy arises is from plaintiff's wrongful death lawsuit.

2.    Defendant admits that venue is proper and that a substantial part of the events giving rise to the underlying wrongful death lawsuit arose within in Northern District.

3.    Defendant admits that events giving rise to the underlying wrongful death lawsuit occurred within Contra Costa County. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies each and every remaining allegation.

## PARTIES

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, denies each and every allegation contained herein.

5.    Defendant admits the allegations in this paragraph.

6.    Defendant admits the allegations in this paragraph.

## PRELIMINARY ALLEGATIONS

7.    Defendant admits that Allstate issued an insurance policy, which would provide coverage for a Chevrolet Silverado pickup truck. Defendant is without knowledge of the truth of the remaining allegations in this paragraph and on that basis can neither admit nor deny the remaining allegations.

8.    Defendant admits that on May 31, 2006, defendant STEVEN J. JACKSON, JR. ("Jackson") was operating a Chevrolet Silverado truck insured by Allstate with the permission of Steven J. Jackson, Sr. Defendant admits that Thomas Cooney died as a result of his head hitting asphalt. Defendant is without knowledge concerning Thomas Cooney either striking Jackson or spitting on the Chevrolet Silverado insured by Allstate. Defendant is without knowledge of the truth of the remaining allegations in this paragraph and on that basis can neither admit nor deny the remaining allegations.

9.    Defendant admits the allegations in this paragraph.

10.    Defendant is without knowledge as to whether Jackson tendered the defense and indemnity of Defendant's complaint under the Allstate insurance policy at issue. Defendant is without knowledge concerning the terms under which Allstate accepted the defense and

indemnity under the Allstate policy.

11. Defendant admits that a portion of the Allstate policy at issued is set forth in this paragraph.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and on that basis, denies each and every allegation contained herein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, denies each and every allegation contained herein.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief As Against All Defendants)

14. Defendant incorporates herein her responses to the allegations contained in paragraphs 1-13, as previously set forth.

15. Defendant admits the allegations in this paragraph.

16. Defendant admits the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment/Reimbursement of Attorneys Fees and Costs against JACKSON)

17. This paragraph contains statements and conclusions of law not requiring a response from Defendant.

18. This paragraph contains statements and conclusions of law not requiring a response from Defendant.

19. This paragraph contains statements and conclusions of law not requiring a response from Defendant.

## AFFIRMATIVE DEFENSES

20. As a First, Separate, and Affirmative Defense, Defendant alleges that the Allstate insurance policy at issue provides coverage for Jackson as a permissive user of the Chevrolet Silverado .

21. As a Second, Separate, and Affirmative Defense, Defendant alleges that the

damages arising from wrongful death of Thomas Cooney arose out of the use of the Chevrolet Silverado by Jackson.

22. As a Third, Separate, and Affirmative Defense, Defendant alleges that the Complaint for Declaratory Relief and Reimbursement fails to state claims upon which relief may be granted.

## **PRAYER**

WHEREFORE, Defendant prays for relief as follows:

1. That the court declare and adjudicate the rights and duties of the respective parties hereto concerning the controversy referred to above;

2. That the Allstate policy at issue be determined to provide coverage for damages arising out of the wrongful death of Thomas Cooney as a result of the actions of Steven J. Jackson, Jr. as a result of his use of the insured vehicle.

Dated: March 20, 2008                                    LAW OFFICES OF STEVEN R. JACOBSEN


By    //ss//    CATHERINE R. DOUAT
         Attorney for Defendant
         FLORENCE FITZGERALD