Paul J. O'Rourke, # 143951
paul.orourke@mccormickbarstow.com
Brandon M. Fish, # 203880
brandon.fish@mccormickbarstow.com
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff
ALLSTATE INDEMNITY COMPANY, an Illinois corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN J. JACKSON, JR., an individual, FLORENCE FITZGERALD, an individual,<br><br>Defendants. | Case No.  C 08 0269 JL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conference Date: April 23, 2008<br>Courtroom:         F, 15th Floor, SF<br>Time:                    10:30 a.m.<br><br>Complaint Filed: January 15, 2008<br><br>**[Local Civil Rule 16-9]** |

The parties in the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order.

**JURISDICTION AND SERVICE**

Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as plaintiff Allstate Indemnity Company ("Allstate"), on the one hand, and defendants, Steven J. Jackson, Jr. ("Jackson") and Florence Fitzgerald ("Fitzgerald"), on the other hand, are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs because, among other things, Allstate's policy limits are greater than $75,000, and the claim made under the subject policy arises from a wrongful death lawsuit.

There are no issues regarding personal jurisdiction. As to venue, Allstate and Fitzgerald

03238/01467-1215611.v1

JOINT CASE MANAGEMENT STATEMENT

have stipulated to transfer venue to the Oakland division of the Northern District.

Some issues remain as to service of all parties. While Fitzgerald has been served, Jackson remains to be served. Jackson's attorney in the underlying action, Mr. Aaron Macleitch of the law firm of Haapala, Altura, Thompson & Abern, LLP, (who was retained by Allstate pursuant to a reservation of rights) would not agree to waive service as to his client. Allstate has attempted to locate and serve Jackson conventionally. After conducting preliminary research, Allstate attempted to serve Jackson at multiple addresses at which he has lived, however, Allstate was not successful. At his last known address, the process server was told that Jackson had moved but that person did not know where. Allstate then attempted service by mail at the same address. On March 28, the U.S. Postal Service reported that it left notice of the letter at the residence, but no one has claimed the letter. Allstate is continuing its attempt to locate and serve Jackson.

## FACTS

<u>Allstate's Contentions</u>: Allstate issued Auto Policy No. 067741998 (the "Policy") to Stephen J. Jackson, Sr., Jackson's father, which was in effect at all relevant times. The Policy lists a 2000 Chevrolet Silverado pickup truck (the "Silverado") as an insured auto. The Silverado was owned by Jackson's father, Steven J. Jackson, Sr.

On or about May 31, 2006, Jackson was allegedly operating the Silverado with his father's permission. At that time, and for many years prior thereto, Jackson did not reside with his father. Allstate contends that, according to the police report, while Jackson was operating the Silverado, Thomas Cooney ("Cooney"), a bicyclist, allegedly struck Jackson in the face as Jackson sat behind the wheel of the Silverado, cursed at Jackson, and spit into the Silverado. It is Allstate's understanding that Jackson subsequently pulled a distance ahead of Cooney, stopped the Silverado in the bicycle lane and then exited the vehicle and walked into the roadway where he waited for Cooney for a period of time. As Cooney then approached on his bicycle, Allstate contends Jackson was standing in the street. Allstate believes Cooney and Jackson collided in the street and Cooney fell from his bicycle, striking his head on the asphalt, which injury subsequently led to his death.

03238/01467-1215611.v1

2

JOINT CASE MANAGEMENT STATEMENT

cCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

On August 10, 2007, Cooney's mother, Fitzgerald, filed a complaint against Jackson entitled "*Fitzgerald v. Jackson,* Contra Costa County Superior Court Civil Action No. MSC07-01811" seeking damages based on Jackson's alleged conduct (the "Underlying Action"). A subsequent First Amended Complaint ("FAC") was filed on or about October 22, 2007.

Jackson tendered his defense and indemnity of the Underlying Action to Allstate under the Policy. Allstate accepted Jackson's tender of defense under the Policy pursuant to a reservation of rights. Allstate contends the Policy does not provide coverage for the liability or potential liability of Jackson in the Underlying Action because the allegations against Jackson do not "aris[e] out of the ownership, maintenance or use, loading or unloading of an insured auto." Jackson further contends indemnification of punitive damages sought against Jackson in the Underlying Action is precluded by California law.

<u>Fitzgerald's Contentions</u>: Fitzgerald (and it is anticipated Jackson as well) contends that there is coverage under the Policy for both the defense and indemnity of Jackson in the Underlying Action. Pursuant to witness statements obtained by Fitzgerald, Jackson either negligently or intentionally reached out to Cooney while Cooney was on his bicycle and attempted to avoid Jackson. Jackson's actions arose out of the "use" of the vehicle because according to statements made by Jackson to investigating officers of the Martinez Police Department, Jackson assaulted Cooney because Cooney struck Jackson and spit on Jackson's truck. As such, the altercation arose out of Jackson's use of the Silverado.

## LEGAL ISSUES

Allstate's position is that, since the allegations do not "aris[e] out of the ownership, maintenance or use, loading or unloading of an insured auto," Allstate does not have the duty under the Policy or California law to provide either a defense or indemnity to Jackson in the Underlying Action. Fitzgerald (and it is anticipated Jackson as well) contend there is coverage under the Policy.

## MOTIONS

There are no prior nor pending motions. Allstate anticipates filing a motion for summary judgment after conducting limited discovery.

## AMENDMENT OF PLEADINGS

Jackson has yet to be served and so setting a deadline for amending the pleadings is most likely premature. Allstate has filed a Certificate of Interested Entities or Persons indicating that there are no other interested parties. Fitzgerald intends to amend the underlying action to name Stephen Jackson, Sr. as a Doe Defendant because pursuant to Allstate Steven Jackson, Sr. is the named policyholder.

Allstate does not anticipate adding any parties, or otherwise amending its Complaint. If Steven Jackson, Sr. is named in the Underlying Action, Allstate may amend the pleadings to name Steven Jackson, Sr. as a defendant.

## EVIDENCE PRESERVATION

Allstate does not anticipate that any relevant evidence, electronic or otherwise, either on its side or on the side of the defendants, is in danger of destruction.

## DISCLOSURES

Allstate and Fitzgerald have timely engaged in the meet and confer process regarding the initial disclosures, and it is anticipated that Allstate and Fitzgerald will comply with the Rule 26(a) initial disclosure prior to the Case Management Conference.

## DISCOVERY

No discovery has been taken as of the date of this Joint Statement. As noted above, Allstate and Fitzgerald have met and conferred regarding discovery and the aforementioned parties will limit themselves to twenty-five (25) requests for production of documents, twenty-five (25) requests for admission and twenty-five (25) interrogatories. The parties will also allow each party ten (10) depositions.

## CLASS ACTIONS

This is not a class action.

## RELATED CASES

*Fitzgerald v. Jackson,* Contra Costa County Superior Court Civil Action No. MSC07-01811.

## RELIEF

1  Allstate seeks a declaration that is not obligated to defend or indemnify Jackson in the
2  Underlying Action. Allstate also seeks reimbursement, pursuant to its reservation of rights, of
3  those monies expended in the defense of Jackson in the Underlying Action.

### SETTLEMENT AND ADR

Due to the nature of this declaratory relief action, Allstate believes that the issues are not amenable to ADR. Allstate seeks a declaration from this Court that, under the Policy, Allstate has no obligation to either defend or indemnify Jackson. Allstate believes that this Court is best suited to address these complex insurance coverage issues through motions for summary judgment.

Fitzgerald contends this action is amenable to ADR.

The Court scheduled an ADR phone conference for April 21, 2008.

### CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

At this time, Allstate is not prepared to consent to a Magistrate Judge for all purposes.

### OTHER REFERENCES

Due to the legal nature and complexity of the issues of this case, Allstate does not believe this case is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Rather, Allstate believes that this Court is best suited to address these complex insurance coverage issues through motions for summary judgment.

### NARROWING OF ISSUES

Allstate believes the issues in this case are as narrow as they may possibly be and that any further narrowing will be accomplished through dispositive motions, such as motions for summary judgment.

### EXPEDITED SCHEDULE

Allstate believes that this is the type of case that can be handled on an expedited basis with streamlined procedures after limited discovery is completed and a motion for summary judgment is heard by the Court.

### SCHEDULING

Allstate and Fitzgerald have agreed to setting the discovery cut-off date as November 2,

2008, with the expert discovery cut-off being set for December 2, 2008. The parties have agreed to Monday, February 2, 2009, or the first available date thereafter, as the trial date.

### TRIAL

This case will be a bench trial that is anticipated to last no longer than three to five days.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Allstate filed its Certification of Interested Entities or Persons.

### OTHER

In the Underlying Action, Fitzgerald has moved to expedite that matter due to her advanced aged. This matter, to the extent possible, should likewise be expedited.

Dated: April 16, 2008

McCORMICK, BARSTOW, SHEPPARD
WAYTE & CARRUTH LLP


By: /s/ Brandon M. Fish
Paul J. O'Rourke
Brandon M. Fish
Attorneys for Plaintiff
ALLSTATE INDEMNITY COMPANY,
an Illinois corporation

Dated: April 16, 2008

LAW OFFICES OF STEVEN R. JACOBSEN


By: /s/ Catherine Duoat
Catherine R. Duoat
Attorney for Defendant
Florence Fitzgerald