Paul J. O'Rourke, # 143951
paul.orourke@mccormickbarstow.com
Brandon M. Fish, # 203880
brandon.fish@mccormickbarstow.com
Trevor W. Hickey, #244472
trevor.hickey@mccormickbarstow.com
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Plaintiff
ALLSTATE INDEMNITY COMPANY, an Illinois
corporation

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN J. JACKSON, JR., an individual, FLORENCE FITZGERALD, an individual,<br><br>Defendants. | Case No.  C 08 0269 CW<br><br>**ALLSTATE'S MOTION TO ENLARGE TIME TO SERVE ALL DEFENDANTS**<br><br>Judge:              Hon. Claudia Wilken<br>Courtroom:       2, 4th Floor<br>Complaint Filed:  January 15, 2008<br><br>[F.R.C.P. 4(m), & 6(b);<br>Civil Local Rules 6-1 & 6-3] |
|---|---|

## I.  INTRODUCTION AND BACKGROUND FACTS

Pursuant to Local Rule 6-1, plaintiff, Allstate Indemnity Company ("Allstate"), hereby submits its Motion to Enlarge Time to Serve All Defendants in the above captioned matter. To date, Allstate has exhausted all reasonable means in an attempt to serve the complaint on the defendant, Steven J. Jackson, Jr. ("Jackson"). By a separate application, Allstate will request an order from this Court permitting Allstate to serve the complaint on Jackson by publication. However, additional time is necessary to complete such service. Therefore, Allstate hereby requests the Court enlarge the time for service on all defendants.  The other party to appear in this action, Florence Fitzgerald ("Fitzgerald"), does not oppose this motion.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Place East
Fresno, CA 93720-1501

ALLSTATE'S MOTION TO ENLARGE TIME TO SERVE ALL DEFENDANTS
CASE NO. C 08 0269 CW

Allstate filed this action for declaratory relief and reimbursement on January 15, 2008. Hickey Decl., ¶ 3. Allstate is seeking a declaration that the policy it issued to Jackson's father, Steven J. Jackson, Sr., does not provide coverage for Jackson in connection with a lawsuit filed against Jackson by Fitzgerald. Both Jackson and Fitzgerald are named defendant in this action. Fitzgerald has appeared in this action. However, Allstate has been unable to serve the complaint on Jackson. Hickey Decl., ¶ 4.

On March 4, 2008, Allstate, through the use of Attorney's Diversified Services, attempted to serve the summons and complaint on Jackson at his parents' address, 1085 Shell Ave., Martinez, California, but Jackson was not present there. Hickey Decl., ¶ 5. Allstate had conducted a search for Jackson using Lexis Nexis's SmartLinx Person Summary Reports and it erroneously listed Jackson as being a resident at his parents' house. *Id.* On March 8, 2008, Attorney's Diversified Services attempted service on Jackson at 2120 Boynton Ave., Martinez, CA 94553, his last known address, but were informed by a resident at the address that Jackson had moved to an unknown location. Hickey Decl., ¶ 6.

Following these attempts to serve Jackson, on March 17, 2008, Allstate had Attorney's Diversified Services run a "skip trace" on Jackson to determine his current address. Hickey Decl., ¶ 7. Jackson's address was listed with the United States Postal Service as the Boynton Avenue address. *Id.* On or about March 25, 2008, Allstate attempted to serve Jackson by mail with an accompanied waiver of service of summons form by sending the summons and complaint to the Boynton Avenue address via registered mail, return receipt requested. Hickey Decl., ¶ 8. On March 28, 2008, the Postal Service left notice of the registered letter at the Boynton Avenue address. Hickey Decl., ¶ 9. By April 14, 2008, the letter was still unclaimed and was later returned to Allstate. Hickey Decl., ¶ 10.

On or about April 14, 2008, Allstate contacted a private investigation firm to locate and serve Jackson. Hickey Decl., ¶ 11. Along with the information provided to it by Allstate, the private investigator did an electronic database search for addresses listed as Jackson's going back several years. *Id.* He then physically went to those addresses and spoke with the current residents

2

ALLSTATE'S MOTION TO ENLARGE TIME TO SERVE ALL DEFENDANTS
CASE NO. C 08 0269 CW

of those addresses and/or neighbors regarding Jackson. *Id.* The private investigator also went to Jackson's last known employer but found that Jackson had not worked there in several months. *Id.* After this comprehensive search, the private investigator was still unable to locate Jackson. *Id.*

On May 14, 2008, the statutory 120 days allowed to serve all Defendants will expire. By separate application, Allstate will seek an order of this Court permitting Allstate to serve Jackson by publication. However, additional time for such service is needed. Hickey Decl., ¶ 13.

Allstate will suffer substantial harm if the Court does not grant this Motion. The above captioned declaratory relief action, as to Jackson, will be dismissed without prejudice as to Jackson in accordance with Federal Rules of Civil Procedure Rule 4(m). Allstate will be forced to refile the action and continue its search for Jackson. Hickey Decl., ¶ 14.

This Court has not previously granted any time modifications in this matter. Hickey Decl., ¶ 15. The Court's granting of this Motion will not affect the schedule of this case. Hickey Decl., ¶ 16.

## II.  ARGUMENT

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6-1, the Court may extend the time permitted to complete a specified act. Extensions before expiration of the time period may be done "with or without motion or notice." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896-897, 110 S.Ct. 3177 (1990). Federal Rule of Civil Procedure 4(m) requires a two-step analysis on deciding whether or not to extend the prescribed the time period for the service of a complaint. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period. *Id.*

This motion has been timely made as the 120 days as set forth in Federal Rule of Civil Procedure 4(m) has not expired. However, district courts have granted extensions of time to effect service even after the 120 day period has expired. *Mann v. American Airlines*, 324 F.3d

1088, 1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time after that 120-day period"); *Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1307 (3rd Cir. 1995) (stating that where a motion for extension of 120-day limit was made several months after expiration of the time period that the district court "is not prohibited from extending time for service").

Due process of law requires that defendants be afforded notice of proceedings involving their interest and an opportunity to be heard. Generally, this requires "notice reasonably calculated, under all the circumstance, to appraise interested parties of pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). A plaintiff must undertake reasonably diligent efforts to locate a defendant, but "extraordinary" efforts are not required. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 (1983). For example, a plaintiff need not hire a private investigator to locate a defendant. *Acticon Techs. LLC v. Pretec Elecs. Corp.*, 2007 U.S.Dist. LEXIS 95419, *4-*5 (N.D. Cal. Dec. 20, 2007).

Allstate has expeditiously moved to effect service on Jackson. Furthermore, Allstate has effectuated extraordinary efforts to serve Jackson including multiple attempts at personal service via process servers at multiple addresses, service of process by mail, and even contracting with a private investigator to locate and serve Jackson. However, Allstate has been unable to serve Jackson to date. Therefore, Allstate will be requesting the Court allow Allstate to serve Jackson by publication. Because additional time is necessary to complete service by publication, an extension to serve all defendants is necessary.

///
///
///
///

### III. CONCLUSION

For all the reasons set forth above, and good cause having been shown, Allstate respectfully requests that the Court extend the time necessary to effect service on all defendants pursuant to Federal Rule of Civil Procedure 6(b) and 4(m) for a period of 90 days up to and including August 13, 2008.

Dated: May 14th, 2008

McCORMICK, BARSTOW, SHEPPARD
WAYTE & CARRUTH LLP

By: _____
Paul J. O'Rourke
Brandon M. Fish
Trevor W. Hickey
Attorneys for Plaintiff
ALLSTATE INDEMNITY COMPANY,
an Illinois corporation

1225290.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5

ALLSTATE'S MOTION TO ENLARGE TIME TO SERVE ALL DEFENDANTS
CASE NO. C 08 0269 CW