Paul J. O'Rourke, # 143951
paul.orourke@mccormickbarstow.com
Brandon M. Fish, # 203880
brandon.fish@mccormickbarstow.com
Trevor W. Hickey, #244472
trevor.hickey@mccormickbarstow.com
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff
ALLSTATE INDEMNITY COMPANY, an Illinois corporation

(SPACE BELOW FOR FILING STAMP ONLY)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN J. JACKSON, JR., an individual, FLORENCE FITZGERALD, an individual,<br><br>Defendants. | Case No. C 08 0269 CW<br><br>**ALLSTATE'S APPLICATION FOR AN ORDER FOR PUBLICATION OF SUMMONS**<br><br>Judge:            Hon. Claudia Wilken<br>Courtroom:     2, 4th Floor<br>Complaint Filed:   January 15, 2008<br><br>[F.R.C.P. 4(e)(1) & California Code of Civil Procedure Section 415.50] |

Plaintiff, Allstate Indemnity Company ("Allstate"), hereby submits this Application for an order directing service of the summons in this action on defendant, Steven J. Jackson, Jr. ("Jackson"), by publication. Allstate has made reasonable attempts to serve the summons on Jackson by other methods permitted under Federal Rule of Civil Procedure 4(e) and California Code of Civil Procedure section 415.10 et seq., but, as of the date of this Application, Allstate has been unable to serve Jackson in this action. Therefore, Allstate respectfully requests this Court issue an order directing service of the summons in this action on Jackson by publication.

Federal Rule of Civil Procedure 4(e)(1) provides a summons in an action "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California Code of Civil Procedure section 415.50(a) provides, in pertinent part:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1)   A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
>
> . . .

The term "reasonable diligence" denotes "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal.4th 743, 749 fn. 5 (1995). The basic test is whether the plaintiff took "those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978).

Here, Allstate filed this action for declaratory relief and reimbursement against Jackson and Florence Fitzgerald on January 15, 2008. Allstate is seeking a declaration that the auto insurance policy it issued to Jackson's father, Stephen Jackson Sr., does not provide coverage for a lawsuit filed against Jackson by Fitzgerald for damages arising from an incident involving Jackson and Fitzgerald's son. Muñoz Decl. ¶¶ 3-5. Further, Allstate is seeking reimbursement from Jackson of fees and costs incurred in his defense in the lawsuit filed by Fitzgerald. Muñoz Decl. ¶ 5. Therefore, a cause of action exists against Jackson.

Allstate served the summons and complaint on Fitzgerald. Allstate has attempted to serve Jackson through the following methods, but has been unsuccessful:

1.   Handing copies to the person to be served. (Personal service – Fed. R. Civ. P. 4(e)(2)(A); Cal. Code Civ. Proc. § 415.10).

On March 4, 2008, Allstate, through Attorney's Diversified Services, attempted to serve the summons and complaint on Jackson at his parents' address, 1085 Shell Ave., Martinez,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

2

ALLSTATE'S APPLICATION FOR AN ORDER FOR PUBLICATION OF SUMMONS
CASE NO. C 08 0269 CW

California, but Jackson was not present. Hickey Decl., ¶ 5. A search using Lexis Nexis's SmartLinx Person Summary Reports had erroneously listed Jackson as living at his parents' house. *Id.* On March 8, 2008, Attorney's Diversified Services attempted service on Jackson at 2120 Boynton Ave., Martinez, California, his last known address, but were informed by a resident at the address that Jackson had moved to an unknown location. Hickey Decl., ¶ 6. On March 17, 2008, Allstate had Attorneys Diversified Services run a "skip trace" on Jackson to determine his current address. Hickey Decl., ¶ 7. Jackson's address was listed with the United States Postal Service as the Boynton Avenue address. *Id.*

  2. Leaving copies at the dwelling house, usual place of abode, or usual place of business of the person to be served. (Service by leaving summons and complaint at office or home of person being served - Fed. R. Civ. P. 4(e)(2)(B); Cal. Code Civ. Proc. § 415.20(b)).

Jackson's dwelling house, usual place of abode or usual place of business could not be ascertained. In addition to conducting an independent search for Jackson and having Attorney's Diversified Services run a "skip-trace" on Jackson, Allstate contacted a private investigation firm to locate and serve Jackson. Hickey Decl., ¶ 11. Along with the information provided to it by Allstate, the private investigator did an electronic database search for addresses listed as Jackson's going back several years. *Id.* The private investigator then physically went to those addresses and spoke with the current residents and/or neighbors regarding Jackson. *Id.* The private investigator also went to Jackson's last known employer but found that Jackson had not worked there in several months. *Id.* Following this comprehensive investigation, the private investigator was unable to locate Jackson. *Id.*

  3. Sending (by first class mail or airmail) copies to the person to be served, together with two copies of required form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (Service by mail - Cal. Code Civ. Proc. § 415.30).

On or about March 25, 2008, Allstate attempted to serve Jackson by mail with an accompanied waiver of service of summons form by sending the summons and complaint to the Boynton Avenue address via registered mail, return receipt requested. Hickey Decl., ¶ 8. On

1  March 28, 2008, the Postal Service left notice of the registered letter at the Boynton address.
2  Hickey Decl., ¶ 9. By April 14, 2008, the letter was still unclaimed and was later returned to
3  Allstate. Hickey Decl., ¶ 10.
4      Based on the foregoing, Allstate has, with reasonable diligence, attempted to serve
5  Jackson through other methods permitted under Federal and State law without success. Because
6  Jackson cannot with reasonable diligence be served in another manner, Allstate requests the Court
7  order the service of the summons by publication pursuant to California Code of Civil Procedure
8  section 415.50 and Federal Rule of Civil Procedure 4(e).
9      Pursuant to California Code of Civil Procedure section 415.50(b), service by publication
10 is accomplished by publishing the summons in a newspaper that is most likely to give actual
11 notice to the party. Further, pursuant to California Government Code section 6064, the
12 publication must be once a week for four successive weeks. Allstate believes the Contra Costa
13 Times is newspaper most likely to give notice to Jackson since it is a newspaper of general
14 circulation in California and most likely to give notice to Jackson's last known address (2120
15 Boynton Ave., Martinez, California), and his parents' address (1085 Shell Ave., Martinez,
16 California).
17     For the foregoing reasons, and good cause showing, Allstate respectfully requests the
18 Court issue an order directing service of the summons in this action on defendant, Steven J.
19 Jackson, Jr. by publication in the Contra Costa Times for four successive weeks.

Dated: May 14, 2008

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/
Paul J. O'Rourke
Brandon M. Fish
Trevor W. Hickey
Attorneys for Plaintiff
Allstate Indemnity Company

1225867.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

ALLSTATE'S APPLICATION FOR AN ORDER FOR PUBLICATION OF SUMMONS
CASE NO. C 08 0269 CW